

## MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Bradley J. Mullins
Partner, through his professional corporation
(310) 312-3232 Phone
(310) 231-8432 Fax
bym@msk.com

March 27, 2020

**BY ECF**

Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Suris v. MindGeek Holdings S.a.r.l*, Case No. 1:20-cv-00284-CBA-RML
        Request for Pre-Motion Conference for Motion to Dismiss

Dear Judge Amon:

Mitchell Silberberg & Knupp LLP is counsel for MindGeek USA Incorporated, erroneously sued as "MindGeek Los Angeles" ("MGUSA"). We write pursuant to Paragraph 3.A. of this Court's Individual Motion Practices and Rules to request a pre-motion conference concerning MGUSA's contemplated motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6). Plaintiff has not consented to the motion.

This lawsuit purports to assert claims under Title III of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYHRL"), the New York State Civil Rights Law, and the New York City Human Rights Law ("NYCHRL"). Plaintiff Yarolsav Suris, purporting to act on behalf of "deaf and hard of hearing individuals residing in New York and within the United States" (Compl., ¶ 2), alleges that he was deprived of access to user-uploaded content on three adult-oriented video-sharing websites—www.pornhub.com, www.redtube.com, and www.youporn.com (the "Websites"). Plaintiff claims that certain video content uploaded by third party users of the Websites did not include closed captioning and, therefore, he and others are "unable to watch video content" on the Websites and could not fully enjoy or appreciate a few specific videos.

Plaintiff has named as defendants "MindGeek Holding SARL" and "MindGeek Los Angeles," and he purported to serve both defendants at an address in Woodland Hills, California. However, counsel has repeatedly advised Plaintiff that neither entities exist. The entity that operates from the Woodland Hills address is MGUSA. MGUSA does not manage, own, control, or otherwise administer any of the Websites. There is no company named MindGeek Holding SARL, either in the United States or elsewhere. [1]

---

[1] Counsel for MGUSA has advised Plaintiff's counsel that the entity that administers the Websites is MG Freesites, Ltd, a Cyprus corporation. Counsel has agreed to accept service on behalf of MG Freesites if Plaintiff will amend his Complaint and remove the incorrectly named defendants.

2049 Century Park East, 18th Floor, Los Angeles, California 90067-3120
Phone: (310) 312-2000 Fax: (310) 312-3100 Website: www.msk.com

11967182.1



Honorable Carol Bagley Amon
March 27, 2020
Page 2

The basis of MGUSA's contemplated motion is as follows:

**Lack of Personal Jurisdiction (Fed. R. Civ. P. 12(b)(2)).**  MGUSA is a Delaware corporation with its principal place of business in Woodland Hills, California.  MGUSA cannot be subject to general jurisdiction because MGUSA does not: (1) have any offices in New York; (2) have any employees in New York; (3) own, rent or lease real estate in New York; (4) maintain a designated agent for service of process in New York; or (5) pay taxes in New York.  Accordingly, MGUSA does not have "connections to the forum state that are so continuous and systematic as to render it essentially at home in the forum State."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

MGUSA also cannot be subject to specific jurisdiction in New York because there is no nexus between MGUSA's activities and the alleged conduct.  Plaintiff does not even allege that there is any relationship between MGUSA and the Websites.  There is not.  Plaintiff's allegation that jurisdiction is proper because "the Defendants actions occurred while the Plaintiff attempted to watch videos on Defendants' Websites…" is simply incorrect and therefore cannot support the exercise of personal jurisdiction.  *See Walden v. Fiore*, 571 U.S. 277 (2014) (court must look to the defendant's "own contacts" with the forum).

**Lack of Subject Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1)).**  Article III of the U.S. Constitution limits the subject-matter jurisdiction of federal courts to "cases" and "controversies."  *See Marcavage v. City of New York*, 689 F. 3d 98, 103 (2d Cir. 2012).  The doctrine of standing is an essential part of the case-or-controversy requirement.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  The "irreducible constitutional minimum" of standing requires: (1) that the plaintiff suffered an injury in fact; (2) a causal connection between the injury and the alleged conduct; and (3) that the injury will be redressed by a favorable decision.  *Id.* at 560-61.

Initially, because MGUSA does not operate the Websites, no favorable decision by the Court can redress Plaintiff's purported injury.  *See Dubow v. United States Federal Emergency Mgmt. Agency*, No. 2:16-cv-3717 (DRH)(AKT), 2018 WL 472816, at *4 (E.D.N.Y. Jan. 18, 2018) (favorable decision unlikely to redress the plaintiff's allegedly injury where the defendant is in no position to force the relevant entity to effect the relief the plaintiff seeks).  Regardless, Plaintiff has failed to sufficiently allege that he suffered an "injury in fact."  *See, e.g.*, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  Plaintiff cannot and does not allege that the Websites contained access barriers that caused a "concrete and particularized" injury.  *Lujan*, 504 U.S. at 555.  The only purported "injury" that Plaintiff claims to have suffered is that he could not understand the audio portion of certain *user-uploaded* videos on the Websites.  That purported injury is irrelevant because Plaintiff does not claim that he was denied access to any "facilities, goods, or services" offered *by the Websites*—namely, the ability to upload his own content or to locate or stream third-party content uploaded by others.  The audiovisual works made available on the Websites are provided by users of the Websites, not by MGUSA or the owners of the Websites.



Honorable Carol Bagley Amon
March 27, 2020
Page 3

**Plaintiff's Claims Are Barred By The CDA (Fed. R. Civ. P. 12(b)(6)).**  In addition to the foregoing, ***all*** of Plaintiff's federal and state claims are barred in their entirety by Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1): "[n]o provider or user of an interactive computer services shall be treated as the publisher or speaker of any information provided by another information content provider."  Under Section 230, "lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions – such as deciding whether to publish, withdraw, postpone or alter content – are barred."  *National Assoc. of the Deaf v. Harvard University*, 377 F. Supp. 3d 49, 64 (D. Mass. 2019), *quoting Jane Doe No. 1 v. Backpage.com LLC*, 817 F.3d 12, 18 (1st Cir. 2016).  Section 230 applies to—and immunizes website operators from—federal and state discrimination claims, including claims under Title III of the ADA and related state laws.  *See Harvard University*, 377 F. Supp. 3d at 66 ("Plaintiffs have not pointed to any support for their claim that the CDA does not apply when a plaintiff claims disability discrimination based on a lack of access… and the court has found none."); *Sikhs for Justice, Inc v. Facebook, Inc.*, 697 Fed. App'x 526 (9th Cir. 2017) ("[W]e have found no authority… holding that Title II of the Civil Rights Act of 1964 provides an exception to the immunity afforded to [defendant] under the CDA.").

The Websites are plainly "interactive computer services."  47 U.S.C. § 230(f) (CDA applies to services and systems "that provide[] or enable[] computer access by multiple users to a computer server."); *see also Universal Comm. Sys. v. Lycos, Inc.*, 478 F.3d 413, 419 (1st Cir. 2007) ("web site operators…are providers of interactive computer services within the meaning of Section 230."). Additionally, Plaintiff does not and cannot allege (far less plausibly allege) that any of the content at issue was created or developed either by MGUSA or by the operators of the Websites.  *See Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1268 (9th Cir. 2016) (granting motion to dismiss where plaintiff "never specifically alleged that Yelp authored or created the content of the statements [at issue].").  To the contrary, the content at issue, on its face, reflects that it was uploaded by third party users of the Websites—and was not authored or developed by the owners of the Websites.  Accordingly, as was the case in *Harvard University*, the CDA will protect both MGUSA and the owners of the Websites from any liability arising from such content.  377 F. Supp. 3d at 69.

**Plaintiff Cannot Recover Compensatory Damages.**  Finally, even if Plaintiff's claim could survive the foregoing, the Court should dismiss or strike Plaintiff's claim for compensatory damages (NYSHRL), civil penalties and punitive damages (NYCHRL) and other relief (NYCRL) to which he is not entitled.  Only prosecuting authorities, not private plaintiffs such as the Plaintiff here, may seek such relief.  *See Bemis v. New York State Div. of Human Rights,* 809 N.Y.S.2d 274, 277 (3d Dep't 2006); *Chauca v. Abraham*, 89 N.E.3d 475, 481 (N.Y. 2017); *Friends of Falun Gong v. Pac. Cultural Enter., Inc.*, 288 F. Supp. 2d 273, 285 n.5 (E.D.N.Y. 2003), *aff'd sub nom.*, *Friends of Gong v. Pac. Culture*, 109 F. App'x 442 (2d Cir. 2004).

For the foregoing reasons, MGUSA requests that the Court permit it to file a Motion to Dismiss the Complaint.



Honorable Carol Bagley Amon
March 27, 2020
Page 4

Sincerely,

/s/ Bradley J. Mullins

Bradley J. Mullins
Partner, through his professional corporation of
MITCHELL SILBERBERG & KNUPP LLP

BJM/kls