UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YAROSLAV SURIS, on behalf of himself and all other similarly situated,<br><br>                    Plaintiff,<br>     v.<br><br>MG FREESITES LTD, d/b/a PORNHUB.COM d/b/a REDTUBE.COM d/b/a YOUPORN.COM, MG FREESITES S.A.R.L. d/b/a PORNHUB.COM, d/b/a REDTUBE.COM d/b/a YOUPORN.COM, MG FREESITES S.a.r.l. d/b/a PORNHUB.COM d/b/a REDTUBE.COM d/b/a YOUPORN.COM, JOHN DOE CORPS. AND LLC'S 1-100,<br><br>               Defendants. | Case No.    1:20-cv-00284<br>Hon. Carol Bagley Amon |

**ANSWER OF MG FREESITES LTD TO THE FIRST AMENDED COMPLAINT**

Defendant MG Freesites Ltd ("MG Freesites"), by and through its undersigned counsel, for their Answer to Plaintiff's First Amended Complaint, dated June 10, 2020 (the "Amended Complaint") allege as follows:

1. Paragraph 1 of the Amended Complaint is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites admits that Plaintiff purports to bring this action as a class action "on behalf of himself and all others similarly situated." MG Freesites denies that this case is appropriate to be brought as a class action or that Plaintiff is entitled to bring this action on behalf of others. MG Freesites further denies that it is liable to Plaintiff or any others with respect to any of the matters alleged in the Amended

12455608.1

Complaint.

2. Paragraph 2 of the Amended Complaint is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites admits that Plaintiff purports to bring this action as a class action on behalf of "deaf and hard of hearing individuals residing in New York and within the United States." MG Freesites denies that this case is appropriate to be brought as a class action or that Plaintiff is entitled to bring this action on behalf of others. MG Freesites denies all of the remaining allegations in Paragraph 2 of the Amended Complaint, and specifically denies that it has denied the Plaintiff or purported class members access to any goods and services provided by MG Freesites or that it violated any of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

3. MG Freesites admits that it provides services to the public through certain websites. MG Freesites denies the remaining allegations of Paragraph 3 of the Amended Complaint, and specifically denies that it has violated any of Plaintiff's rights under the ADA.

4. MG Freesites admits that Plaintiff purports to bring this action under Title III of the ADA, the New York Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law. MG denies that it is liable for violating any of these laws. MG Freesites lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 of the Amended Complaint and on that basis denies said allegations.

5. MG Freesites admits that closed captioning generally refers to the display of text in connection with audiovisual works. MG Freesites lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 of the Amended Complaint and on that basis denies said allegations.

12455608.1

6. MG Freesites denies the allegations of Paragraph 6.

7. MG Freesites admits that some of the videos available to the public on its websites have closed captioning and others do not.  MG Freesites denies the remaining allegations of Paragraph 7.

8. MG Freesites denies the remaining allegations of Paragraph 8.

9. Paragraph 9 is a legal conclusion, for which no response is required. To the extent that a response is deemed required, MG Freesites denies the allegations of Paragraph 9.

10. MG Freesites denies the allegation in Paragraph 10 of the Amended Complaint that "due to access barriers, the Plaintiff could not watch the content and Plaintiff and Class Members will continue to be unable to watch video content on the Websites unless the Defendants correct the existing barriers on the Websites."  MG Freesites lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 of the Amended Complaint and on that basis denies said allegations.

11. MG Freesites denies the allegations of Paragraph 11 of the Amended Complaint.

## JURISDICTION AND VENUE

12. MG Freesites denies that the amount in controversy exceeds the sum or value of $5,000,000.  The remainder of Paragraph 12 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 12.

13. Paragraph 13 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 13.

14. Paragraph 14 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 14.

12455608.1

15. MG Freesites lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Amended Complaint and on that basis denies said allegations.

16. MG Freesites denies the allegations of Paragraph 16.

17. Paragraph 17 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 17.

## PARTIES

18. MG Freesites lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Amended Complaint and on that basis denies said allegations.

19. MG Freesites lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Amended Complaint and on that basis denies said allegations.

20. MG Freesites denies the allegations of Paragraph 20.

21. MG Freesites admits that it is a limited liability company organized under the laws of the Republic of Cyprus. MG Freesites denies the remaining allegations of Paragraph 21, and specifically denies that it has a "concentration in New York" or an office in California.

22. MG Freesites admits the allegation of Paragraph 22.

23. MG Freesites denies the allegations of Paragraph 23.

24. MG Freesites denies the allegations of Paragraph 24.

25. MG Freesites admits that it is the operator of certain websites, including Pornhub.com, Redtube.com, and Youporn.com. MG Freesites denies the remaining allegations of Paragraph 25.

26. MG Freesites denies the allegations of Paragraph 26.

27. Paragraph 27 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 27.

28. MG Freesites admits that Plaintiff purports to seek injunctive and declaratory relief.  MG Freesites denies the remaining allegations of Paragraph 28, and specifically denies that Plaintiff is entitled to any relief in this action.

## **CLASS ACTION ALLEGATIONS**

29. MG Freesites admits that Plaintiff purports to seek certification of a class.  MG Freesites denies the remaining allegations of Paragraph 29, and specifically denies that Plaintiff is entitled to certification of any class or subclass.

30. MG Freesites admits that Plaintiff purports to seek certification of a "New York State subclass."  MG Freesites denies the remaining allegations of Paragraph 30, and specifically denies that Plaintiff is entitled to certification of any class or subclass.

31. MG Freesites admits that Plaintiff purports to seek certification of a "New York City subclass."  MG Freesites denies the remaining allegations of Paragraph 31, and specifically denies that Plaintiff is entitled to certification of any class or subclass.

32. MG Freesites denies the allegations of Paragraph 32.

33. Paragraph 33 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 33.

34. MG Freesites denies the allegations of Paragraph 34.

35. MG Freesites denies the allegations of Paragraph 35.

36. MG Freesites denies the allegations of Paragraph 36.

37. Paragraph 37 is a legal argument to which no response is required. To the extent a

response is deemed required, MG Freesites denies the allegations set forth in Paragraph 37.

38. MG Freesites denies the allegations of Paragraph 38.

39. Paragraph 39 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 39.

## FACTUAL ALLEGATIONS

40. MG Freesites admits and alleges that it operates certain websites that enable members of the public to upload adult-oriented content and to search for and watch content uploaded by others. MG Freesites denies the remaining allegations of Paragraph 40.

41. MG Freesites admits that the Websites can be viewed by individuals with Internet access.

42. MG Freesites denies the allegations of Paragraph 42.

43. Paragraph 43 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 43.

44. MG Freesites denies the allegations of Paragraph 44.

45. MG Freesites denies the allegations of Paragraph 45.

46. MG Freesites denies the allegations of Paragraph 46.

47. MG Freesites denies the allegations of Paragraph 47.

## ANSWER TO FIRST CAUSE OF ACTION

48. MG Freesites realleges and incorporates its responses to the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.

49. MG Freesites lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 and on that basis denies said allegations.

50. Paragraph 50 is a legal argument to which no response is required. To the extent a

response is deemed required, MG Freesites denies the allegations set forth in Paragraph 50.

51. Paragraph 51 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 51.

52. MG Freesites denies the allegations of Paragraph 52.

53. Paragraph 53 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 53.

54. MG Freesites denies the allegations of Paragraph 54.

55. Paragraph 55 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 55.

56. Paragraph 56 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 56.

57. Paragraph 57 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 57.

58. MG Freesites denies the allegations of Paragraph 58.

59. MG Freesites denies the allegations of Paragraph 59.

60. MG Freesites denies the allegations of Paragraph 60.

61. MG Freesites denies the allegations of Paragraph 61.

62. MG Freesites denies the allegations of Paragraph 62.

63. MG Freesites denies the allegations of Paragraph 63.

## ANSWER TO SECOND CAUSE OF ACTION

64. MG Freesites realleges and incorporates its responses to the allegations contained in Paragraphs 1 through 63 as if fully set forth herein.

65. MG Freesites denies the allegations of Paragraph 65.

66. Paragraph 66 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 66.

67. Paragraph 67 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 67.

68. Paragraph 68 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 68.

69. Paragraph 69 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 69.

70. MG Freesites denies the allegations of Paragraph 70.

71. MG Freesites denies the allegations of Paragraph 71.

72. MG Freesites denies the allegations of Paragraph 72.

73. MG Freesites denies the allegations of Paragraph 73.

74. MG Freesites denies the allegations of Paragraph 74.

75. MG Freesites denies the allegations of Paragraph 75.

## ANSWER TO THIRD CAUSE OF ACTION

76. MG Freesites realleges and incorporates its responses to the allegations contained in Paragraphs 1 through 75 as if fully set forth herein.

77. MG Freesites lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 and on that basis denies said allegations.

78. Paragraph 78 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 78.

79. Paragraph 79 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 79.

80. Paragraph 80 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 80.

81. MG Freesites denies the allegations of Paragraph 81.

82. MG Freesites denies the allegations of Paragraph 82.

83. MG Freesites denies the allegations of Paragraph 83.

84. Paragraph 84 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 84.

85. MG Freesites admits that Plaintiff "demands" compensatory damages. MG Freesites denies that Plaintiff is entitled to any damages in this lawsuit.

## ANSWER TO FOURTH CAUSE OF ACTION

86. MG Freesites realleges and incorporates its responses to the allegations contained in Paragraphs 1 through 85 as if fully set forth herein.

87. Paragraph 87 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 87.

88. Paragraph 88 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 88.

89. Paragraph 89 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 89.

90. Paragraph 90 is a legal argument to which no response is required. To the extent a response is deemed required, MG Freesites denies the allegations set forth in Paragraph 90.

91. MG Freesites denies the allegations of Paragraph 91.

92. MG Freesites denies the allegations of Paragraph 92.

93. MG Freesites denies the allegations of Paragraph 93.

94. MG Freesites denies the allegations of Paragraph 94.

## ANSWER TO FIFTH CAUSE OF ACTION

95. MG Freesites realleges and incorporates its responses to the allegations contained in Paragraphs 1 through 94 as if fully set forth herein.

96. MG Freesites admits that Plaintiff has asserted certain "claims" in this lawsuit. MG Freesites denies such claims.

97. MG Freesites denies the allegations of Paragraph 97.

98. MG Freesites admits that it denies Plaintiff's claims.

99. MG Freesites admits that Plaintiff purports to seek a declaratory judgment. MG Freesites denies that Plaintiff is entitled to any such relief.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiff's request for relief to which no response is required. To the extent a response is required, MG Freesites denies that Plaintiff is entitled to the relief sought.

All allegations that have not been specifically admitted are hereby denied.

\* \* \* \* \*

In further Answer to the Complaint, MG Freesites asserts the following affirmative defenses, without waiving or excusing Plaintiff's burden of proof, or admitting that any of the following are in fact defenses upon which MG Freesites has any burden of proof as opposed to denials of matters as to which Plaintiff has the burden of proof, or that MG Freesites has any burden of proof at all:

12455608.1

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

Plaintiff has waived, and/or is estopped from asserting, any of its claims.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Complaint and each claim therein is barred, precluded, and/or limited by reason of Plaintiff's unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### (Communications Decency Act)

Plaintiff's claims are barred, in whole or in part, by Section 230 of the Communications Decency Act, including because the videos at issue in this lawsuit were provided by another information content provider.

### FIFTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff's claim against MG Freesites is barred, in whole or in part, by Plaintiff's lack of standing to assert such claims, including because Plaintiff has not pleaded and cannot plead an injury-in-fact.

### SIXTH AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

The Court lacks subject matter jurisdiction over this matter under Fed. R. Civ. P. 12(b)(1) because Plaintiff has not alleged facts that affirmatively and plausibly suggest that he has standing to sue.

### SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

11

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### EIGHTH AFFIRMATIVE DEFENSE
### (Effective Access)

The websites at issue in this lawsuit provided effective access to Plaintiff. Even if the allegations in the Complaint were true, the website was usable, accessible, and acceptable despite its alleged noncompliance with applicable access standards (if any applicable standards exist). Additionally, MG Freesites was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods. [NTD: Which were? what are we to do if he now requests that?] Plaintiff did not request such alternative methods.

### NINTH AFFIRMATIVE DEFENSE
### (Technical Unfeasibility / Undue Burden)

Any alleged wrongful acts or omissions of MG Freesites or its agents, if any, do not subject MG Freesites to liability because full compliance with applicable access standards (if any applicable standards exist) would not be technically feasible. Additionally, Plaintiff has demanded modifications and/or barrier removals that would cause MG Freesites to incur an undue burden. *See* 42 U.S.C. § 12182(b)(2)(A)(iii).

### TENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

On information and belief, Plaintiff has failed to make reasonable efforts to mitigate the damages alleged, including by using available speech-to-text software on his home computer or mobile devices. Accordingly, the relief, if any, to which Plaintiff allegedly is entitled must be diminished by the extent of his failure to mitigate.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

Plaintiff has an adequate remedy at law and therefore is not entitled to any injunctive relief sought.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (De Minimis)

Any alleged wrongful acts or omissions of MG Freesites or its agents, if any, do not subject MG Freesites to liability because the purported barriers alleged in the Complaint are *de minimis* and/or within conventional industry tolerances. Additionally, any purported "harm" suffered by Plaintiff is *de minimis* or nonexistent because he was not denied access to any of MG Freesites' goods or services.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Discrimination On The Basis of Disability)

The Complaint, and each and every purported claim alleged therein, is barred because any action taken with respect to Plaintiff or any putative class member was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's or any other purported class members' alleged disability.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Improper Forum)

The Complaint is barred and/or subject to transfer in whole or part under the doctrine of *forum non conveniens* and/or because it was filed in an improper venue, including because MG Freesites is not located in the United States and the relevant evidence and witnesses are not located in this forum.

12455608.1

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Lack of Personal Jursidiction)

The Complaint is barred and/or subject to transfer in whole or part because MG Freesites is not subject to personal jurisdiction in the State of New York.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Lack of Ripeness)

Plaintiff's claims and the claims of the putative class members are barred under the doctrine of ripeness, including because the Department of Justice has not yet issued any accessibility standards for websites.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Alteration of Inventory Not Required)

Plaintiff's claims and the claims of the putative class members are barred under 28 C.F.R. § 36.307(a), which clarifies that a public accommodation is not required to alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities

### NINTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Additional Defenses)

MG Freesites reserves the right to assert additional defenses which become apparent during discovery or otherwise, including those that may relate to purported class members whose identity is not yet known.

### PRAYER

WHEREFORE, MG Freesites denies that Plaintiff is entitled to any relief sought in this Complaint and prays for judgment as follows:

1. That Plaintiff take nothing and be afforded no relief;

2. That Plaintiff be afforded no injunctive relief;

  3.  That Plaintiff's claims be dismissed with prejudice in their entirety and that judgment be entered in favor of MG Freesites;

  4.  That MG Freesites be awarded its costs and expenses incurred in this action, including attorneys' fees; and

  5.  For all other relief as the Court may deem just and proper.

Dated: August 31, 2020
   New York, New York

**MITCHELL SILBERBERG & KNUPP, LLP**

By:  /s/ Marc E. Mayer
Bradley J. Mullins (bym@msk.com)
Elaine Nguyen (eln@msk.com)
437 Madison Avenue, 25th Floor
New York, New York 10022
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

Marc Mayer (mem@msk.com)
*Admitted Pro Hac Vice* | SBN 190969
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

*Attorneys for Defendant MG Freesites, Ltd.*

12455608.1